**Electronically Filed
Supreme Court
SCPW-11-0000366
27-MAY-2011
08:30 AM**

NO. SCPW-11-0000366

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

DJC, Petitioner,

vs.

THE HONORABLE SHERRI ANN L. IHA, JUDGE OF THE FAMILY
COURT OF THE FIRST CIRCUIT, STATE OF HAWAI'I;
and JSC, Respondents.

ORIGINAL PROCEEDING
(FC-D No. 10-1-6277)

ORDER GRANTING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, Acoba, and Duffy, JJ.
and Circuit Judge Sakamoto, in place of McKenna, J., recused)

Upon consideration of the petition for a writ of mandamus and the papers in support, it appears that the respondent judge disqualified attorney Dyan M. Medeiros from representing the defendant in FC-D No. 10-1-6277 upon finding that Medeiros' representation of the defendant was prohibited by the conflict of interest provisions of Hawai'i Rules of Professional Conduct (HRPC) Rules 1.7 and 1.9. The respondent judge's disqualification of Medeiros was imputed to Medeiros' associate, Charles Kleintop, under HRPC Rule 1.10(a). Having

disqualified Medeiros, the respondent judge was required by HRPC Rule 1.10(a) to disqualify Kleintop. The refusal to disqualify Kleintop results in irreparable and immediate harm. Therefore, petitioner is entitled to mandamus relief. See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (A writ of mandamus is an extraordinary remedy that will issue where the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action.); Wong v. Fong, 60 Haw. 601, 604, 593 P.2d 386, 389 (1979) (A writ of mandamus may be brought from the denial of disqualification of counsel where irreparable and immediate harm would otherwise result.). Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is granted.[1] The respondent judge shall forthwith disqualify Charles Kleintop as the defendant's attorney in FC-D No. 10-1-6277.

DATED:  Honolulu, Hawaiʻi, May 27, 2011.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Karl K. Sakamoto



---

[1]  Pursuant to HRAP 2 and in the interest of expediting this decision, we suspend the provision of HRAP 21(c) requiring answers by the respondents when a writ is entertained.